**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | JURY DEMANDED |
| Plaintiff, | CASE NO. 4:23-CV-00167-CDL |
| v. | |
| ZOE CENTER FOR PEDIATRIC and ADOLESCENT HEALTH, LLC., | |
| Defendant. | |

**JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to the above-captioned action, intending to be legally bound, and for good cause shown, have stipulated to the entry of this Confidentiality Stipulation and Protective Order;

WHEREAS, discovery in this case, including Interrogatories, Requests for Admissions, Requests for Production of Documents and Things, and Subpoenas, may require the disclosure of information, documents, or things that contain or constitute trade secrets, medical information, or other confidential and proprietary business information;

WHEREAS, discovery in this case, including Interrogatories, Requests for Admissions, Requests for Production of Documents and Things, and Subpoenas, may require the disclosure of information, documents, or things that contain or constitute personally identifiable information;

WHEREAS, such trade secrets, medical information, other confidential or proprietary business information, and personally identifiable information should be given the protection of an Order of this Court to prevent injury to or an invasion of the confidential and private property of the parties and non-parties, and by reason of any disclosure; and

WHEREAS, the Court agrees that this Protective Order is appropriate and advisable,

1

IT IS HEREBY ORDERED that the following provisions shall govern the disclosure, dissemination, and use of trade secrets, medical information, confidential or proprietary business information, and personally identifiable information in this action:

1. This Order shall be applicable to and shall govern the production and exchange of all documents, pleadings, answers to interrogatories, depositions, responses to requests for admissions, exhibits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and all other information exchanged or furnished in this action by the parties to this action.

2. **Category I Confidential Information.** This category consists of documents or testimony which disclose non-public proprietary information relating to the business, finances, or other affairs of the Defendant. Any party or non-party (the "producing party") shall have the right to designate as Confidential Information any information that such party believes in good faith to be subject to protection as containing trade secrets and/or confidential business information relating to the producing party's business or information furnished to the producing party by non-parties on a restricted basis, which information is not generally available or known and which the producing party would normally not reveal to third parties or, if disclosed, the producing party would cause such third parties to maintain in confidence.

3. **Category II Confidential Information.** This category consists of documents or testimony (a) which disclose personal information (for example, performance evaluations, discipline, compensation, non-obvious physical or mental impairments, medical treatment or diagnoses, family information, home addresses and telephone numbers, social security numbers) about employees, clients, and/or patients other than the Plaintiff; and (b) any other information which the parties mutually agree to designate as confidential for purposes of this litigation. Any producing party shall have the right to designate as Confidential Information any information that such party believes in good faith to be subject to

protection as containing personal identifiable information or information the producing party is required by law to maintain as confidential.

    4.    **Category III Confidential Information**. This category consists of documents or testimony that disclose, describe or otherwise relate to Charging Party's (a) medical information; (b) personal or private information which would otherwise be protected from disclosure by any regulation or statute; or (c) other information that, if disseminated, would cause unreasonable annoyance, embarrassment, or oppression. Any party or non-party shall have the right to designate as Confidential Information any information that such party believes in good faith to fall into this Category of information.

    5.    Confidential Information shall be used by any receiving party only for purposes of conducting this litigation, including appeals, and not for any business, commercial, or any other purpose whatsoever. Except with the prior written consent of the producing party or upon prior order of this Court, Confidential Information may be disclosed only to the following persons:

    (a)    the parties' counsel, including their respective paralegals, law clerks, stenographic, and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action, including court reporters whose services are used in connection with this action and other persons working for such reporters;

    (b)    independent experts or consultants of a receiving party to the extent necessary to assist in preparation of this litigation and provided the expert or consultant first agrees to be bound by and executes an affidavit or declaration in the form attached hereto as **Exhibit A**; and

    (c )    the Court, persons employed by or acting on behalf of the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom.

6. Designation of material as Confidential Information shall be accomplished in the following manner:

(a) The designation as to documents (including documents or other information produced in electronic format) or other tangible things shall be made by prominently marking each page of the document in which the Confidential Information appears (or the initial screen in electronic format or labeling the outside of a computer disk in accordance with the remainder of this paragraph), and in a prominent place on each tangible thing that the producing party wishes to designate as confidential, with the legend "CONFIDENTIAL." All documents and tangible things so designated shall be both marked and numbered by the producing party prior to the transmittal of a physical copy thereof to the receiving party.

(b) Testimony or information disclosed at a deposition may be designated as Confidential Information by indicating on the record at the deposition the specific testimony that contains Confidential Information that is to be made subject to the provisions of this Order. A party may also designate by page and line number deposition testimony as Confidential Information by advising the other parties in writing, within 30 business days of receiving the deposition transcript of the specific testimony that contains the Confidential Information, and such testimony shall be treated as Confidential Information from the date the written notice is received, subject to modification or challenge as provided for in this Order. If the deponent submits an Errata Sheet after the 30-day period, then the parties are permitted to designate those parts of the deposition as Confidential Information by advising the other parties in writing, within 30 business days of receiving the Errata Sheet.

(c) Confidential Information contained in responses to interrogatories or other discovery requests, or responses, affidavits, briefs, memoranda, or other papers filed with the Court in this action may be designated as Confidential Information by prominently marking the pages bearing such material as "CONFIDENTIAL."

7. The following categories of information shall not be considered Confidential Information: (a) any information that at the time of its disclosure in this action was already properly part of the public domain; (b) any information that after its disclosure in this action becomes part of the public domain by any means that does not violate this Order or any other restriction against its disclosure; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel, or any expert retained by or for the receiving party under no obligations of confidence to any party or third party with respect to that information, with the exception of information that those individuals are under a preexisting legal duty to protect and keep confidential.

8. In the event that any party to this litigation disagrees at any stage of this litigation with a designation of Confidential Information such party shall provide to the producing party written notice of its disagreement with the designation and the basis therefore. The parties shall meet and confer in an effort to resolve such dispute in good faith on an informal basis within 10 business days of receipt of the written notice of the disagreement with the designation. If the parties cannot resolve the dispute, the producing party may request appropriate relief from the Court following the termination of good faith negotiations. The producing party shall have the burden of demonstrating that the information is properly designated. The information at issue shall be treated as Confidential Information and subject to the terms of this Order until further order of the Court.

9. A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.

10. If a receiving party has a need to disclose Confidential Information to persons other than those designated under the terms of this Order to prosecute, defend, and/or appeal this litigation, the receiving party may seek the consent of the producing party with respect to each person

5

the receiving party reasonably believes such disclosure is required. If consent is not provided, the receiving party may apply to the Court for a ruling permitting the requested disclosure.

11. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent use or further disclosure by such person or by the person who received such information.

12. Should a party wish to use any materials that have been designated as confidential by the opposing party in conjunction with a motion, hearing or trial, the party shall first notify the opposing party in writing no less than fourteen (14) days before the motion is filed or the hearing/trial is scheduled. The opposing party shall then have seven (7) days to object to public disclosure and file a motion to seal the materials, after which the other party shall have seven (7) days to respond to the motion to seal. In the event that the opposing party files a motion to seal, the party filing the document that includes the protected material shall file their motion/filing with restricted access only by the Court and the opposing party and shall simultaneously file a redacted copy of the motion/filing on the public record that redacts the protected material. The parties acknowledge that the clerk is not authorized to accept for filing any documents designated as sealed without an Order from the Court approving such. The parties will otherwise comport with Local Rule 5.4 and the Court's Rules 16 and 26 Order in filing documents containing Confidential Information.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to the parties, orders or permits such disclosure.

14. Within 90 days after the final determination of this litigation, including any appeals or settlements, unless otherwise agreed to in writing by counsel for the producing party, each receiving party shall assemble and return to the producing party all material designated by the producing party as Confidential Information. Alternatively, at the option of the receiving party, the receiving party shall destroy such material, provided that a certificate of destruction is supplied to the producing party. Any analyses, memoranda, or notes (excluding indices that do not summarize the substance of Confidential Information) that were internally generated based upon Confidential Information shall also be destroyed, except for Attorney Work Product which may be retained by the Attorney or his or her law firm for period of four years after the litigation has been concluded. The Clerk may return to counsel for the parties or destroy any sealed material at the end of the litigation, including appeals.  The EEOC shall retain confidential documents for such period as required by federal regulations.

15. In the event that Plaintiff EEOC or Defendant is legally obligated to provide Confidential Information to a third-party in response to a request, subpoena or other formal or informal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, that party shall provide to opposing counsel written notice of such request, subpoena or demand at least ten (10) days prior to the date on which the party is planning to produce the Confidential Information, and that party shall not interfere with any action the opposing party may elect to take to protect the confidentiality of the confidential documents.  Should any such request, demand or subpoena require a response time of less than ten (10) days, the party to whom such request, demand or subpoena is directed shall provide prompt notice to the opposing party of such, by telephone or facsimile, including a copy of such request, demand or subpoena.

16. This Order shall remain in full force and effect, even after the termination of this lawsuit, until modified, superseded, or terminated by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case, or by an order of the Court.

17. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made.

18. The parties agree to be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered into by the Court.

19. The inadvertent or unintentional disclosure by the producing party of Confidential Information, without the appropriate designation, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. In the event that material considered by the producing party to be confidential is inadvertently produced without having been designated as Confidential Information, such information may be designated as Confidential Information by the producing party by sending written notice of the confidential nature of the material to the receiving party as soon as reasonably possible after the producing party becomes aware of the inadvertent disclosure. The information shall thereafter be treated as Confidential Information by the receiving party consistent with and subject to the terms of this Order.

20. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

21. As permitted by Federal Rule of Evidence 502(d), the attorney-client privilege and or work product protection is not waived by the disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

22.     The parties shall have the right to "clawback" documents covered by the attorney-client privilege, government deliberative process privilege, or other similar evidentiary privilege, including the work-product doctrine.  If the producing party discovers that they have inadvertently produced protected documents, the producing party may give written notice to the receiving party of such, specifically identifying the protected document and asserting the privilege.  Within ten (10) days after receipt of the notice, the receiving party shall return the documents, although the receiving party will retain the right to seek a ruling from the Court that such documents are not protected.  In addition, if any receiving party discovers that they have received potentially protected documents, they shall immediately cease reviewing those documents and notify the producing party of such; the producing party will then have ten (10) days to assert privilege and request return of the document.

23.     Nothing in this Order shall restrict in any manner the use by any party of its own documents or materials.

24.     This Order shall not preclude the use or disclosure of any Confidential Information during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Information.

25.     The purpose of this Order is to expedite the production of documents without resort to a court proceeding for an appropriate protective order; however, the provisions hereof shall not limit or be deemed to waive the right of any party to seek relief from or greater protection than any of the provisions herein.

26.     This Order may be modified only by written agreement of the parties or further Order of Court.

27.     This Order may be executed in counterpart, and may be exchanged between the parties by means of telefax and/or other electronic means, prior to presentation of the Order to the Court for its execution.

28. The undersigned counsel represent that they have authority to execute this Order on behalf of their respective clients.

WHEREFORE, the parties hereto agree to be bound by the terms of this Order.

*/s/Marcia L. DePaula*
Marcia L. DePaula
Attorney for Defendant
marcia.depaula@steptoe-johnson.com

*/s/Matthew D. O'Brien*
Matthew D. O'Brien
Attorney for Plaintiff
matthew.obrien@eeoc.gov

APPROVED AND SO ORDERED BY THE COURT this 23rd day of January, 2024:

__S/Clay D. Land
Clay D. Land, U.S. District Court Judge
Middle District of Georgia

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | JURY DEMANDED |
| Plaintiff, | CASE NO. 4:23-CV-00167-CDL |
| v. | |
| ZOE CENTER FOR PEDIATRIC and ADOLESCENT HEALTH, LLC., | |
| Defendant. | |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare that I have read the Joint Confidentiality Stipulation and Agreed Protective Order ("Order") entered on _____, in the above-captioned action, and I agree to be bound by each of its terms.  Specifically, and without limitation upon such terms, I agree that I: (1) will not disclose Confidential Information to or discuss Confidential Information with any person who is not authorized pursuant to the terms of the Order to receive the disclosure thereof; (2) will not use Confidential Information for any purpose other than for the purposes of this case; and (3) consent to personal jurisdiction of the United States District Court for the Middle District of Georgia with respect to the enforcement of this agreement.

I declare under penalty of perjury, that all the foregoing is true and correct.

Dated: _____    _____
                                                                Signature