## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 4:23-CV-00167-CDL |
| | : | |
| ZOE CENTER FOR PEDIATRIC & ADOLESCENT HEALTH, LLC, | : | |
| | : | |
| Defendant. | : | |

## SCHEDULING AND DISCOVERY ORDER FOR THE EXTENDED DISCOVERY PERIOD

In accordance with the Court's oral order issued during the September 5, 2024, hearing in this matter, [Doc. 30], Matthew O'Brien, counsel for Plaintiff Equal Employment Opportunity Commission, and Joseph Lewis and Robert Poydasheff, counsel for the Defendant Zoe Center for Pediatric and Adolescent Health, LLC, met in-person in Columbus, Georgia on September 16, 2024, to discuss the schedule and limitations for the extended discovery period in this case. The meeting was productive, and the Parties jointly developed this proposed scheduling and discovery order for the extended discovery period (the "Proposed Order"), which addresses most of the deadlines, limitations, and other matters relevant to the extended discovery period.[1]

However, during the September 16, 2024 conference, the Parties could not reach an agreement on two issues raised in the EEOC's Motions [Docs. 17, 18] and at the telephonic hearing. First, Plaintiff posits that if Defendant cannot locate the documents described below, Plaintiff is entitled to conduct discovery on the issue of whether Defendant spoliated evidence. Second, Plaintiff has argued that

---

[1] This Proposed Order is intended to supplement the original Scheduling and Discovery Order issued in this case. [Doc. 11]. The Parties stipulate that the deadlines, limitations, and other items set forth in that order remain valid and in effect to the extent that they do not conflict with those contained in this Proposed Order.

Defendant should be required to assist Plaintiff with retrieving deleted emails from Google—its email hosting provider—by providing written consent and participating in any teleconferences required by Google.  Defendant disagrees and wishes to reserve its right to object to the EEOC's positions pending the outcome of Defendant's search for the requested documents as described below.  The Parties therefore respectfully request that the Court issue rulings as to these two remaining issues.

In addition, Defendant reserves the right to later seek full payment or contribution from the EEOC for the cost of hiring a third-party eDiscovery vendor to download the mbox files as is further described below.  Plaintiff contends that it should not be ordered to pay for the vendor's services.  The Parties each reserve their right to present and fully brief their respective arguments to the Court at a later time.

## I.      Length and Purpose of the Extended Discovery Period

The discovery period is hereby extended until December 26, 2024.  During that time, Defendant shall attempt to produce and locate (1) written employee complaints about Freddie Kong (Defendant's Chief Operating Officer) and Dr. Stephanie Kong (Defendant's Chief Executive Officer) that were made between January 21, 2021, and January 21, 2022; and (2) an email sent by Vickmarie Murray (Defendant's former Human Resources ("HR") Representative) to either Mr. Kong or Pursia Jackson (Defendant's HR Director), expressing her belief that Defendant violated the Americans with Disabilities Act when it terminated Emily Caldwell.

In addition, Defendant shall provide information relevant to and the EEOC shall be permitted to conduct discovery on the issue of whether Defendant has previously failed to terminate other employees who were in "no call/no show" status.

II.     **Defendant's Obligations During Extended Discovery Period**

   A. <u>**Providing Defense Counsel with Email Accounts for Relevant Custodians**</u>

   By October 7, 2024, Defendant shall provide its defense counsel with m-boxes for Ms. Jackson's, Mr. Kong's, and the HR Department's email accounts.

   Because Defendant lacks the network capacity to transfer the m-boxes itself, Defendant has hired the third-party e-discovery vendor, Epiq eDiscovery Solutions, Inc. ("Epiq"), to assist with the transfer.  The third-party vendor will also assist Defendant with recovering potentially responsive emails that may have been deleted, to the extent such emails exist. Thereafter, Defense counsel shall subsequently search these m-boxes for responsive documents, as described below.

   B. <u>**Ms. Murray's Missing Email**</u>

   In attempting to locate the alleged missing email from Ms. Murray, Defendant shall review all emails that were sent by Ms. Murray to Mr. Kong, Ms. Jackson, and/or the HR Department's email account between January 21, 2022, and March 31, 2022.  Defendant shall have until October 28, 2024, to either produce the email or notify Plaintiff that it cannot locate it.

   C. <u>**Employee Complaints**</u>

   Defendant shall use the following search process and parameters in attempting to locate the missing employee complaints: Unless Defendant later objects to the searches as overinclusive using the procedures outlined below, Defendant shall review all emails received by Ms. Jackson or the HR Department's email account between January 21, 2021, and January 21, 2022, which contain the terms "Kong," "Stephanie" or "Freddie," plus one of any of the following terms (subject to the syntax rules of the platform being used for documents review, which Defendant agrees to discuss and negotiate with the EEOC before running the search and within three (3) days upon learning of the syntax rules used by its third-party vendor):

- Retaliat*
- Yell*
- Scream*
- Berate*
- Rude
- Loud
- Angry
- Tirade
- Mad
- Hostil*
- Toxic
- Terminat*
- Fire*
- Flip*
- Control
- Lost
- Crazy
- Nuts
- Mean

Defendant has provided the search terms in a .txt file to Plaintiff, and Plaintiff agrees with the search terms Defendant intends to run against the custodians' mailbox files.

Defendant shall provide Plaintiff with a hit report regarding these terms by October 14, 2024.   At that time, if Defendant believes that any of these searches are overinclusive, Defendant shall notify Plaintiff as to (a) which particular search(es) is overinclusive and (b) work with Plaintiff on a random sampling method to determine whether the term is actually overinclusive and retuning non-responsive hit counts.

Defendant shall have until November 11, 2024, to either produce the employee complaints or notify Plaintiff that it cannot locate them.

**D.** **Employees who were in "no call/no show" status but not terminated**

By October 10, 2024, Defendant shall provide the EEOC with a list of all individuals who were employed by Defendant as nursing directors and/or nursing supervisors at its Barnesville and Williams Street locations between January 1, 2020, and December 31, 2022.  Defendant shall

include the following information for each individual: (a) name; (b) job title; (c) dates of employment; (d) last known personal email address; (e) last known personal phone number; and (f) last known mailing address.

If any of these individuals are current employees, Defendant shall make them available for a deposition by written questions.  Plaintiff will directly contact those individuals who are ex-employees to determine whether a deposition by written questions is necessary.

## III.     Time for Filing Motions

### A. Dispositive Motions

All dispositive motions must be filed no later than January 27, 2025, that being the Monday following 30 days after the expiration of the extended discovery period in this case.

### B. *Daubert* Motions

Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), shall be filed within 21 days after the court's ruling on the last pending motion for summary judgment, or by the deadline for motions in limine as set in an order for pretrial conference, whichever is sooner. If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing dispositive motions (i.e. by February 17, 2025). If an evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion.

Respectfully submitted this 26th day of September, 2024.

/s/*Matthew D. O'Brien*

Matthew D. O'Brien
Georgia Bar No. 825255
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (470) 531-4776
Facsimile: (404) 5626905
matthew.obrien@eeoc.gov

**Counsel for Plaintiff**

/s/ *Marcia L. DePaula*

Marcia L. DePaula*
Pennsylvania Bar No. 74595
Joseph R. Lewis III
Georgia Bar No. 392159
STEPTOE & JOHNSON PLLC
1 PPG Place, Suite 3300
Pittsburgh, PA 15233
Telephone: (412) 504-8010
Facsimile: (412) 504-8011
marcia.depaula@steptoe-johnson.com
joseph.lewis@steptoe-johnson.com

*Admitted Pro Hac Vice

Robert S. Poydasheff Jr.
Poydasheff & Sowers, LLC
936 Second Avenue
Columbus, GA 31901
Telephone: (706) 323-2761
rpoydasheff@handplaw.com

**Attorneys for Defendant**

        Having reviewed the parties proposed order hereinabove, the Court adopts it and makes it the order of the Court.  The Court declines to rule upon the issues that are not yet ripe.  If those issues are still in dispute after the production and discovery ordered here, the parties may file any motion focusing precisely on the relief sought.
        SO ORDERED,


September 30, 2024                     S/Clay D. Land
Date                                  Clay D. Land
                                      United States District Judge