IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    CIVIL ACTION NO. <br> :    4:23-CV-00167-CDL <br> : |
| **ZOE CENTER FOR PEDIATRIC & ADOLESCENT HEALTH, LLC,** | : <br> : <br> : |
| Defendant. | : <br> : |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleges that Zoe Center for Pediatric and Adolescent Health, LLC ("Defendant") unlawfully discriminated against Emily Caldwell ("Caldwell") when it denied her a reasonable accommodation and terminated her employment because of her disability. Defendant denies the Commission's allegations and nothing in this Agreement shall be construed as an admission of liability by Defendant.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1.     Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, to include by denying an employee or applicant a reasonable accommodation that can be

provided without undue hardship, or by discharging an employee due to their disability.

2. Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under the ADA or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under the ADA.

3. Defendant shall pay Caldwell a total amount of $70,000 in settlement of the claims raised in this action (the "Settlement Amount"). The Settlement Amount shall be paid in three installments, as follows: one installment of thirty thousand dollars ($30,000.00), and two installments of twenty thousand dollars ($20,000.00). The first installment shall be made within thirty (30) calendar days following the Court's approval of this Consent Decree. The second and third installments shall be made within sixty (60) and ninety (90) calendar days, respectively, following the Court's approval of the Consent Decree. $36,650.00 of the Settlement Amount shall be allocated to back pay and the remaining $33,350.00 shall be allocated to compensatory damages. Defendant shall send the settlement check(s) to Caldwell via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Caldwell.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Caldwell may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) the Defendant's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. If any monthly payment under this Decree is not made within fifteen (15) calendar days after the date on which it is due, all remaining monies due under this Decree at the time of the default shall immediately become due and payable.

5. If Caldwell does not receive the payments described in Paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

6. Defendant shall provide Caldwell with a neutral letter of reference using the form attached hereto as **Exhibit A**, hereby made a part of this Consent Decree. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be sent to Caldwell at an address to be provided by the Commission. Caldwell is free to disseminate the letter to potential employers. Defendant shall maintain a copy of the neutral letter in Caldwell's personnel file and shall provide only the information contained in the letter to any individual who makes an inquiry about Caldwell's employment.

7. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel

file of Caldwell any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-02384, including but not limited to, any and all documents reflecting or referring to the alleged disability discrimination, Caldwell's formal or informal requests for reasonable accommodation(s), Defendant's decision to grant or deny Caldwell's requests for accommodation, any discipline issued to Caldwell, her discharge, and the related events that occurred thereafter, including the filing of her EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

8. Defendant shall revise their current "EEOC" and "ADA" Policy (the "Policy") to include the information contained within the document attached hereto as **Exhibit B**, hereby made a part of this Consent Decree. Copies of the revised Policy shall be disseminated to all of Defendant's employees within thirty (30) days of the Court's entry of this Consent Decree. New employees shall receive a copy of the revised Policy on or before their first day of work. Within thirty (30) days of the Court's entry of this Consent Decree, a copy of the revised Policy shall be included in Defendant's employee handbook and shall be made accessible to all of Defendant's employees in the same manner that Defendant regularly makes policies accessible, to include posting the Policy on Defendant's intranet platform. Within

forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

9. During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to all executives, supervisors, human resources personnel, managers, and employees. Each training program shall include, at minimum: (a) an explanation of the revised Policy referenced in Paragraph 7 above; (b) a description of the ADA, the types of conduct that constitutes disability discrimination, and the laws protecting employees from disability discrimination and retaliation; and (c) a detailed explanation of Defendant' procedures for (1) employees to request reasonable accommodations for a disability and (2) Defendant's obligations under the ADA and procedures for responding to a request for a reasonable accommodation.

The first training program shall be completed within ninety (90) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion

of each training program, Defendant shall confirm to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Notice, marked **Exhibit C**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Defendant' designated representatives, as follows:

> Dr. Stephanie Kong
> shkong@zoepeds.com
>
> Pursia Jackson
> pjackson@zoepeds.com
>
> c/o Defendant's counsel
> Joseph Lewis
> joseph.lewis@steptoe-johnson.com

If at any time during the term of this Consent Decree Defendant's designated representative changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

   a. the identities of all individuals who have requested an accommodation for a disability, including each person's name, address, telephone number, and position title;

   b. the identities of all individuals who have reported any alleged incidents of disability discrimination or retaliation, including each person's name, address, telephone number, and position title;

   c. for each individual identified in 12.a and 12.b above, explain what actions were taken by Defendant in response to the individual's accommodation request or report of alleged discrimination;

   d. for each individual identified in 12.a above, an explanation as to whether Defendant fully or partially granted the accommodation

request, as well as a detailed statement regarding each of the reasons supporting Defendant's decision to grant or deny the request;

e. for each individual identified in 12.b above, an explanation as to whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since making the report; and

f. for each individual identified in 12.e above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of each individual identified in response to 12.a. and 12.b within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

>  Marcus G. Keegan
>  Regional Attorney
>  U.S. Equal Employment Opportunity Commission
>  Sam Nunn Atlanta Federal Center
>  100 Alabama Street, SW
>  Suite 4R30

Atlanta, GA 30303

14.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's premises for compliance and request copies of documents relevant to Defendant's compliance under this Consent Decree. Should the Commission choose to inspect Defendant's premises, the Commission shall provide Defendant with notice of its intent to inspect Defendant's premises at least five (5) days prior to the scheduled inspection.

15.     If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) business days in which to investigate and provide written response to the allegations. Thereafter, the parties shall have a period of fifteen (15) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

16.     This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

17.     This Court shall retain jurisdiction of this cause of action for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

18. Each party shall bear its own costs and attorney's fees.

| | |
|---|---|
| July 31, 2025 | S/Clay D. Land |
| Date | Judge, U.S. District Court |
| | Middle District of Georgia |

The Parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

MARCUS KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/Matthew O'Brien*
Matthew O'Brien
Trial Attorney
Georgia Bar No. 825255
matthew.obrien@eeoc.gov

Fahad Khan
Trial Attorney
Georgia Bar No. 442892
fahad.khan@eeoc.gov

ZOE CENTER FOR PEDIATRIC AND
ADOLESCENT HEALTH, LLC

*/s/ Joseph R. Lewis III*
MARCIA L. DEPAULA
Pennsylvania Bar No.74595
Joseph R. Lewis III
Georgia Bar No. 392159
STEPTOE & JOHNSON PLLC
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: (412) 504-8122
marcia.depaula@steptoe-johnson.com


ROBERT S. POYDASHEFF, JR.
Georgia Bar No. 586593
POYDASHEFF & SOWERS, LLC
936 Second Avenue
Columbus, Georgia 31901
rpoydasheff@handplaw.com

*Counsel for Defendant*

12

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4776
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

**EXHIBIT A**

[Company Letterhead]

To Whom it May Concern:

     Zoe Center for Pediatric and Adolescent Health is a private practice health provider offering pediatric and adolescent medical services. Ms. Emily Caldwell worked for our company from November 8, 2021, to January 21, 2021, first as a Web Designer, then as a Technical and Media Communications Specialist. As a Technical and Media Communications Specialist, Ms. Caldwell's job duties included strategizing digital marketing efforts, designing digital assets, and updating and troubleshooting several company websites. We wish Ms. Caldwell the best in her future endeavors.

                                            Sincerely,

                                            [Name]

EXHIBIT B: EMPLOYEE RIGHTS UNDER THE ADA

Title I of the Americans with Disabilities Act of 1990 ("ADA") prohibits private employers, state and local governments, employment agencies, and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment. [Company name] is committed to respecting its employees' rights under the ADA.

An individual with a disability is a person who:

- Has a physical or mental impairment that substantially limits one or more major life activities;
- Has a record of such an impairment; or
- Is regarded as having such an impairment.

A qualified employee with a disability is an individual who, with or without reasonable accommodation, can perform the essential functions of the job in question. Reasonable accommodations are adjustments or modifications provided by an employer to enable people with disabilities to enjoy equal employment opportunities. Accommodations vary depending upon the needs of the individual applicant or employee. Reasonable accommodation may include, but is not limited to:

- Making existing facilities used by employees readily accessible to and usable by persons with disabilities.
- Job restructuring, a defined period of leave, modifying work schedules, reassignment to a vacant position, or telework;
- Acquiring or modifying equipment or devices, adjusting or modifying examinations, training materials, or policies, and
- Providing qualified readers or interpreters.

An employer is required to make a reasonable accommodation to the known disability of a qualified applicant or employee if it would not impose an "undue hardship" on the operation of the employer's business. Undue hardship is defined as an action requiring significant difficulty or expense when considered in light of factors such as an employer's size, financial resources, and the nature and structure of its operation.

It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on disability or for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under the ADA. In particular, it is unlawful to retaliate against an individual who had requested an accommodation for their disability.

Employees who may require a disability accommodation should contact the Human Resources manager [Insert Contact Information]. Upon receiving an accommodations request, the Human Resources manager will reasonably investigate whether the request will impose an undue hardship on the company. If the Human Resources manager determines that the request would

1

impose an undue hardship, the manager will informally consult with the requesting employee regarding alternative potential accommodations that would not pose an undue hardship to the company.

In addition, employees who have experienced any disability discrimination (including harassment) or retaliation should immediately report it to his/her supervisor or the Human Resources manager [insert contact information].  Upon receiving such a report, the company will promptly investigate the allegations and discipline the offenders, as appropriate.



NOTICE

1.      This Notice is posted pursuant to a consent decree between the U.S. Equal Employment Opportunity Commission and Zoe Center for Pediatric and Adolescent Health, LLC ("Zoe Center"). Specifically, the U.S. Equal Employment Opportunity Commission and the Zoe Center entered into a consent decree to resolve a claim alleging discrimination on the basis of disability; as part of that resolution the Zoe Center agreed to post this notice of the federal law regarding discrimination.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, pregnancy, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      Zoe Center will comply with such federal law. Furthermore, Zoe Center will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

5.      This Notice will remain posted for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: [Insert date], 2027.